156

## STANSBURY v. STATE.
### No. 25077.

Court of Criminal Appeals of Texas.
Jan. 3, 1951.

None on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Commissioner.

This appeal is from the judgment entered nunc pro tunc in Cause No. 14,509, correcting a judgment theretofore entered which, according to the Court's finding, contained an erroneous statement as to the punishment assessed by the trial judge upon appellant's plea of guilty.

The facts concerning the judgment and its entry are set out in Ex parte Stansbury, Tex.Cr.App., 231 S.W.2d 431.

There is no statement of facts in this record, in the absence of which we must assume that the court's findings regarding the entry and rendition of judgment are correct.

The court had the power and duty to order entry of the judgment that he had theretofore actually rendered in order to make the minutes of the court speak the truth. See Bennett v. State, 80 Tex.Cr.R. 652, 662, 194 S.W. 145.

There are no bills of exception, and the proceedings appear to be regular.

The judgment is affirmed.

Opinion approved by the Court.

## STANSBURY v. STATE.
### No. 25078.

Court of Criminal Appeals of Texas.
Jan. 3, 1951.

No attorney, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Judge.

The conviction is for the theft of property over the value of $50. The penalty assessed is confinement in the state penitentiary for eight years.

Appellant entered a plea of guilty to the offense charged and waived a jury upon the trial. The record is before us without a statement of facts or bills of exception, in the absence of which no question is presented for review.

The judgment will be affirmed.